UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60165-CIV-COHN
MAGISTRATE JUDGE P.A. WHITE

RONALD SMITH,                    :

    Plaintiff,                   :

v.                               :          REPORT OF
                                 MAGISTRATE JUDGE
GLEN PEARSON, DENTIST,           :
et al.,

    Defendants.                  :
_____

## I. Introduction

Ronald Smith, who is confined at the Broward County Main Jail, has filed a pro se civil rights complaint. (DE#1) The plaintiff is proceeding in forma pauperis. Smith alleges denial of adequate dental treatment.

This Cause is presently before the Court for initial screening of the complaint (DE#1), pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

> (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which
> relief may be granted; or
>
> (iii) seeks monetary relief from a
> defendant who is immune from such
> relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.   Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.   Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.   First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."   The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."   When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

A.   Statement of Claims

The plaintiff names as defendants Glen Pearson, a dentist seen at the Broward County Main Jail, Natalie Smith, a registered nurse, also employed at the jail and Karen Davis, Vice president of Armor Correctional Health Care, Inc.

The plaintiff states he was initially seen by Dr. Pearson sometime in 2007. He was diagnosed with bleeding gums and loose teeth. He had "pockets" of food particles between his teeth which caused him pain. Dr. Pearson prescribed antibiotics, but told him he could not clean his teeth until he was held at the Broward County Jail for a period of one year.  Dr. Pearson informed him that no prosthetic services were provided for detainees at the facility.

In December of 2008, he submitted a grievance, claiming the denial of partial dentures by Pearson. Smith, a registered nurse responded to his grievance, and he claims she falsified the official document by stating that he had no trouble eating.

The petitioner submitted a writ of habeas corpus to the state court, and in March of 2008, Broward County Jail was ordered that he be seen by a dentist within thirty days and receive treatment. In October of 2010, a hearing was held with Broward County Jail and

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Armor Health Care, represented by Karen Davis. The parties refused to have him fitted for dentures. In November of 2010, he had a recurrent gum infection and Dr. Pearson prescribed antibiotics. He informed the plaintiff he would be scheduled for a cleaning of the teeth remaining in his mouth. He submitted sick call requests to be seen, before his gums became infected. Dr. Pearson cleaned his teeth in December of 2010, but refused to prescribe pain medication or antibiotics.

As a result of this delayed and poor treatment he claims he suffered pain, lost most of his teeth and is able to eat only soft food.

### Defendant Sheriff Alfred Lamberti

The plaintiff has made no specific allegations against Sheriff Lamberti. The plaintiff has named the sheriff because he has a supervisory role over county corrections affairs and employees.

It has long been established, however, that public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986).  Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action.  Monell v. Department of Social Services, 436 U.S. 658 (1978). Supervisory liability requires a causal connection between actions of the supervisory official and an alleged deprivation [for example, a showing of knowledge of a history of abuses and failure to take corrective action]. Byrd v. Clark, supra at 1008.

Because the plaintiff fails to allege any specific factual allegations to suggest a causal connection between this defendant and the deprivations alleged, the complaint against Sheriff Lamberti is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

B. <u>Denial of Adequate Dental Treatment</u>

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173(1976)); <u>see also</u> <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11 Cir. 2000); <u>Adams v. Poag</u>, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. <u>Taylor</u>, 221 F.3d at 1258; <u>Adams</u>, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. <u>Farmer</u>, 511 U.S. at 834; <u>McElligott</u>, 182 F.3d at 1254; <u>Campbell</u>, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992).

Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard.  <u>Bell</u>, 441 U.S. at 535; <u>Hamm</u>, 774 F.2d at 1571-74. In the context of a pretrial detainee claim of denial of medical care, the standards are the same.  <u>Id.</u>

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hill v. DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. <u>See Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991).  Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. <u>Id.</u> at 835-36.  Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. <u>See</u> <u>Estelle</u>, 429 U.S. at 106.  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" <u>Estelle</u>, 429 U.S. at 105-06; <u>Wilson</u>, 501 U.S. at 298.

Further to rise to a level of an Eighth Amendment violation the plaintiff must demonstrate inhumane conditions of confinement. <u>Farmer v Brennan</u>, 511 U.S,. 825 (1994), These conditions must show a deprivation of a normal civilized measure of life's necessities, <u>see</u> <u>Toney v Fuqua</u>, 09 WL 1451645 (11 Cir. 2009) (denial of tooth

paste and tooth brush for a period of time did not rise to an Eighth Amendment violation).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for non-medical or unexplained reasons. <u>Farrow v West</u>, 320 F.3d 1235, 1247 (11th Cir.2003) (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. <u>Harris v. Coweta County</u>, 21 F.3d 388, 393-94 (11 Cir. 1994). A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 704 (11 Cir. 1985). If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 104.

The plaintiff has demonstrated that he suffers from serious gum disease. He was seen multiple times by the dentist, and did receive treatment, however, it appears at this preliminary stage that the proper treatment, the cleaning and use of a partial plate was denied. Further, it appears that to obtain service, the plaintiff had to appeal to the state courts, which incurred further delay. He claims that Nurse Smith falsified reports to indicate that he was able to eat, which he claims he was not, to further delay treatment. He further claims that Davis, representing Armor Health Care at a hearing held in October of 2010, refused to permit him to be fitted for dentures.

The plaintiff has therefore stated a claim for denial of adequate medical attention, and service will be ordered upon Dr. Pearson, Nurse Smith and Davis.

B. Recommendation

It is therefore recommended as follows:

1. The case shall proceed against Glen Pearson, Natalie Smith and Karen Davis.

2. Sherif Lamberti be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), for failure to state a claim..

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 4th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Ronald Smith, Pro Se
      Broward County Main Jail
      PO Box 9356
      Ft Lauderdale, FL 33310